# IN THE COURT OF APPEALS OF IOWA

No. 18-2092
Filed March 3, 2021

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TAEVON D. WASHINGTON,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Bradley J. Harris, Judge.

Taevon Washington appeals the judgment and sentence entered on his convictions of two counts of third-degree sexual abuse. **CONVICTION AND JUDGMENT AFFIRMED; SENTENCE VACATED IN PART AND REMANDED FOR FURTHER PROCEEDINGS.**

Martha J. Lucey, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Ahlers, JJ.

**VAITHESWARAN, Presiding Judge.**

Two teenagers were sexually assaulted during a house party in Waterloo, Iowa. The State charged Taevon Washington and other individuals with several crimes. Following a joint trial, a jury found Washington guilty of two counts of third-degree sexual abuse.[1] *See State v. Washington*, Nos. 14-0792, 14-0812, 2015 WL 7567445, at *1 (Iowa Ct. App. Nov. 25, 2015), *vacated*, 2017 WL 2290095, at *1 (Iowa 2017) (denying speedy indictment challenge); *see also State v. Williams*, No. 18-2081, 2021 WL 593992, at *3 (Iowa Ct. App. Feb. 3, 2021). On appeal, Washington challenges (1) the sufficiency of the evidence supporting the findings of guilt and (2) certain aspects of his sentence.

## I.  *Sufficiency of the Evidence*

The jury was instructed that the State would have to prove the following elements of third-degree sexual abuse:

> 1. On or about the 10th day of June, 2012, the defendant or person(s) the defendant aided and abetted performed a sex act with [L.M. / J.K.].
> 2. The sex act was performed while [L.M. / J.K.] was mentally incapacitated, physically incapacitated or physically helpless.
> 3. The defendant knew or reasonably should have known that [L.M. / J.K.] was mentally incapacitated, physically incapacitated or physically helpless.

The jury was further instructed:

> "Mentally incapacitated" means that a person is temporarily incapable of controlling the person's own conduct due to the influence of a narcotic, anesthetic, or intoxicating substance.
> "Physically helpless" means that a person is unable to communicate an unwillingness to act because the person is unconscious, asleep, or otherwise physically limited.

---

[1] The jury found him guilty of other crimes as well. The district court found those convictions merged with the sexual abuse crimes.

"Physically incapacitated" means that a person has a bodily impairment or handicap that substantially limits the person's ability to resist or flee.

Washington contends "[t]he evidence was insufficient to establish L.M. or J.K. were incapacitated." The State counters that Washington failed to preserve error. We agree with the State. Although counsel moved for judgment of acquittal, he did not challenge the incapacitation element or join in one of his co-defendant's challenges to the element. *See State v. Crone*, 545 N.W.2d 267, 270 (Iowa 1996). ("The record reveals [the defendant's] attorney did not mention the 'threat' or 'anything of value' elements of the extortion charge in his motion. Accordingly, [defendant's] motion for judgment of acquittal did not preserve the specific arguments he is now making for the first time on appeal.").

Anticipating this conclusion, Washington argues we should review his challenge to the sufficiency of the evidence under an ineffective-assistance-of-counsel rubric. We agree that is the appropriate vehicle for addressing the issue. *See State v. Truesdell*, 679 N.W.2d 611, 615–16 (Iowa 2004) ("The failure of trial counsel to preserve error at trial can support an ineffective assistance of counsel claim. . . . A claim of ineffective assistance of trial counsel based on the failure of counsel to raise a claim of insufficient evidence to support a conviction is a matter that normally can be decided on direct appeal."). To prevail, Washington must show (1) deficient performance and (2) prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In this context, "if the record in this case fails to reveal substantial evidence to support the convictions, counsel was ineffective for failing to properly raise the issue and prejudice resulted." *Truesdell*, 679 N.W.2d at 616.

The court of appeals recently addressed an identical sufficiency-of-the evidence challenge based on an identical record. *See Williams*, 2021 WL 593992, at *4–7. Washington raises the same evidentiary concerns as Williams did: (1) the fact the teens' trial testimony diverged from earlier statements they made; (2) the fact neither teen tested positive for a date rape drug; (3) the fact that the teens were somewhat aware of the assaults; and (4) the fact the jury considered the teens' statements to other individuals as substantive evidence. In resolving Williams' appeal, this court stated, "Whatever discrepancies existed between the girls' contemporaneous statements and their trial testimony were for the jurors to sort out" and "[t]he jury could reasonably assign more credibility to the girls' closer-in-time accounts given to law enforcement and nurses than their in-court testimony five years after the incidents." *Id.* at *6. The court also discounted Williams's reliance on the absence of a date rape drug in their systems, stating "the jury could disregard those protestations." *Id.* And the court stated, "[e]vidence they had some level of awareness during the assaults does not preclude the jury finding they were incapacitated." *Id.* at *7. Finally, the court stated, "[t]he defense did not object to the admission of the girls' statements to the officers or the nurses reporting how they felt that morning. Thus, the jury could rely on their earlier statements as substantive evidence of the crimes." *Id.* at *6.

The same evidence cited by the court of appeals in *Williams* supports a finding of incapacitation in this case. In addition, we note that J.K.'s trial testimony on incapacitation did not diverge from her statements at the time of the assault; she admitted she "faint[ed] and "[didn't] remember" how long she was out. Because substantial evidence supports the incapacitation element and the jury's

findings of guilt, Washington's attorney was not ineffective in failing to challenge the incapacitation element.[2]

## II. Legality of Sentence

In imposing sentence, the district court stated, "You'll have to go to the sex offender treatment program [(SOTP)], provide a DNA sample, and make restitution." The court's written sentencing order stated, "Defendant shall . . . *complete SOTP* and register as a sex offender as required by Iowa Code 692A." (emphasis added). Washington contends the district court "did not have authority to order treatment as part of his sentence and . . . this renders this portion of his sentence illegal." *See State v. Louisell*, 865 N.W.2d 590, 597 (Iowa 2015) ("[S]entences imposed without statutory authorization are illegal and void."); *see also* Iowa R. Crim. P. 2.24(5)(a) ("The court may correct an illegal sentence at any time."). The State essentially concedes the district court "was without authority to" require Washington "to complete sex offender treatment as part of his sentence." Accordingly, we vacate that portion of the sentencing order requiring Washington to complete sex offender treatment.

Washington next contends the district court erred in ordering him to pay restitution without determining his reasonable ability to pay. *See State v. Albright*, 925 N.W.2d 144, 158 (Iowa 2019). Recent legislation has changed the *Albright*

---

[2] Washington alternatively argues that if the court were to vacate his third-degree sexual abuse conviction charged in the sixth count of the trial information, "this would allow entry of judgment for third-degree sexual abuse as a lesser included offense of kidnapping" under the first count of the trial information. But, in his view, the evidence "was insufficient to establish that count as well." Having affirmed the findings of guilt, we find it unnecessary to address this issue.

landscape.[3]  Because Washington was sentenced well before the effective date of the legislation, we apply *Albright.*  We vacate that portion of the sentencing order requiring Washington to make restitution and we remand for further proceedings in accordance with *Albright.*

**CONVICTION AND JUDGMENT AFFIRMED; SENTENCE VACATED IN PART AND REMANDED FOR FURTHER PROCEEDINGS.**

---

[3] *See* 2020 Iowa Acts ch. 1074, § 72 (to be codified at Iowa Code § 910.2A (2021)) (enacting portions of Senate File 457 and providing "[a]n offender is presumed to have the reasonable ability to make restitution payments for the full amount of category 'B' restitution"); *see also State v. Hawk,* 952 N.W.2d 314, 319 (Iowa 2020) ("Having concluded that we would have jurisdiction to consider Hawk's appeal under both our pre-SF 457 jurisprudence and under the new provisions enacted in SF 457, we need not, and do not, dive into the morass of whether SF 457 applies retroactively to cases on appeal prior to its enactment."); Iowa Supreme Ct. Supervisory Order, *In the Matter of Interim Procedures Governing Ability to Pay Determinations and Conversion of Restitution Orders* ¶ (C) (July 7, 2020) ("A defendant sentenced on or after June 25, 2020, shall be subject to the requirements of S.F. 457.").